THE STATE *ex rel.* JAMES MILNER, Relator, *v.* DANIEL M. DRAPER, STATE AUDITOR, Respondent.

1. *School, normal — State auditor — Allowance to members of board of regents for attendance at meeting.*—Under the act in aid of normal schools (Sess. Acts 1870, p. 134, §§ 3, 6, 8), members of the board of regents are entitled, for the first meeting of the board, to mileage from their places of residence to Jefferson City, from thence to the points in succession which they are called on officially to visit, and thence to their places of residence. And they are entitled to a per diem not to exceed six days, although they may lawfully do business for a longer period.

*H. B. Johnson,* for relator.

The law certainly contemplates more than one meeting of the board. (Sess. Acts 1870, p. 135, § 6.)

*Attorney-General,* for respondent.

BLISS, Judge, delivered the opinion of the court.

The relator is a member of the board of regents of the State Normal Schools, and asks for a peremptory writ directing defendant to audit and allow his account for per diem and mileage for attending an adjourned meeting of the board at Kirksville on the 20th of December last. The answer alleges that the relator was

paid for six days' attendance at the meeting at Jefferson City on the 5th, and to this answer the relator demurs.

The act of March 19, 1870 (Sess. Acts 1870, p. 134), provides for two normal schools besides those at Columbia and in St. Louis county — one north and one south of the Missouri river — for their location in the counties that shall offer the greatest inducement in buildings and grounds, requires the board of regents to receive and pass upon offers and select the one most favorable for the purpose intended, and especially directs them (§ 3) to inspect buildings, if offered, and assess their value, etc. The last clause of section 3 provides that the first meeting shall be held at the City of Jefferson, and section 6 provides that offers for buildings and grounds for such schools shall be forwarded to the State superintendent of public schools, and that the State board of education shall call a meeting of the regents to consider the offers, secure the buildings and grounds, and establish the school for the district. Section 8 provides for the per diem and mileage of the members, and that no session shall continue longer than six days. It is thus perceived that the first meeting is to be called at Jefferson, and to consider bids or offers from the counties for the location of a school. Giving the section a fair construction, separate meetings may be held in relation to each school, so that when the board assembles at Jefferson it is sufficient if bids shall have been made for one of them. But the object of the meeting is to consider those bids and locate the institution, and inasmuch as the board is directed to inspect the buildings and grounds, it becomes necessary to visit the proposed site. The petition shows that the meeting at Kirksville was held by adjournment, doubtless from the one called at Jefferson ; and the claim of the auditor is, that as the board had already drawn its six days' per diem, it is not entitled to anything more.

Taking the facts set forth in the pleadings in connection with the act, we must assume that the meeting at Jefferson City on the 5th of December was called to consider the offers made for one of the schools, inspect and secure the grounds and buildings, and establish the school. We must also assume that those who had made the offers had apparently complied with the act; hence

it became their duty to inspect the offers, and proceed at once to the places whence they had emanated, and decide between them. The act limits the session to six days, which limitation, being in the section providing for and made to the compensation of the members of the board, should be held to apply to such compensation only, and to mean that they shall not be entitled to a per diem for more than six days, although they may lawfully do business for a longer period. We must also assume that in adjourning to Kirksville the board acted properly and in the performance of its duties; but, unfortunately for this application, the whole number of days allowed for the meeting had been consumed at Jefferson. If several offers are made, a longer period than six days may be necessary to pass upon them all; still the Legislature fixed upon that period as a limit, and the auditor can not go beyond it.

We are, then, of opinion that for the first meeting of the board its members are entitled to mileage from their places of residence to Jefferson City, thence to the points in succession they are called upon officially to visit, and thence to their places of residence, and that they are entitled to a per diem not to exceed six days. For the location of the second school, the act does not require that they meet at Jefferson, but they should assemble wherever directed by the board of education.

We do not design hereby to intimate that there can be but one meeting in relation to the location of either of the schools. We can imagine that all the offers, either in regard to the character of the property or the want of eligibility in the location, may seem so far to fail in compliance with the letter or spirit of the law as to justify the board in their rejection, and in waiting for new propositions and a further call by the board of education.

The other judges concurring, the peremptory writ is refused.